**LEON N. WEINER & ASSOCIATES, INC.,**
Plaintiff,

v.

**Crawford J. CARROLL, Alfred J. Biggs, Joseph J. Coyle, Turner Hastings, William A. Hayes, Albert W. Holmes, Victor E. Holpp, Charles Legates, Jr., Carlton Walls and Jack T. Roe, Defendants.**

Court of Chancery of Delaware,
New Castle.

Oct. 9, 1970.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, for plaintiff.

Nicholas H. Rodriguez, City Solicitor, Dover, for defendants.

MARVEL, Vice Chancellor:

The plaintiff corporation, which at the time this suit was filed had developed plans and made other preparations for the building of a low-income housing project within the limits of the City of Dover, having been denied a construction permit by the Building Inspector of the City of Dover, one of the named defendants, has

filed this action seeking injunctive relief. If such relief were to be granted, the result would be the issuance of an order requiring the granting of a building permit for plaintiff's proposed project. Defendants, other than the Building Inspector, are the mayor and individual councilmen of Dover hereinafter referred to as the Mayor and Council.

Prior to the filing of this action, plaintiff had obtained approval of its preliminary plans for the construction of a housing project on the tract[1] here in issue from the Dover Planning Commission, such project being designed for low-income tenants. Such approval was granted after considerable debate and on a closely divided vote. While such approval was being considered, the Mayor and Council had come to the conclusion that the project in question would be inappropriate on the tract in issue. Accordingly, after such approval was granted by the Planning Commission, the latter was instructed by the Mayor and Council to refuse to give further consideration to plaintiff's plan. The Building Inspector was also directed not to grant a building permit for the project.

Plaintiff seeks to have the action of the Mayor and Council declared to be illegal and thus to have defendants, other than the Building Inspector, enjoined from continuing to act so as to prevent the issuance of a building permit for the construction of plaintiff's proposed project.

Plaintiff has moved for summary judgment on the ground that there are no material facts in dispute and that the actions of the Mayor and Council in regard to plaintiff's plans were taken without any basis in law. In short, plaintiff contends that the Mayor and Council, in blocking plaintiff's project, exercised unauthorized veto powers over a routine decision of the Planning Commission, which, if left unimpeded, would have resulted in non-discre-

tionary action by the Building Inspector favorable to plaintiff.

There being no doubt but that the design of plaintiff's proposed housing project conforms to existing zoning requirements, it is first argued that such action by the Mayor and Council, in reference to proceedings of the Planning Commission, was taken in derogation of the terms of a statute which authorizes the City to create such a commission, 22 Del.Chap. 7. It is thus contended that the action of the Mayor and Council in effect constitutes an attempt to rezone the area in question without compliance with the terms and procedures which must be observed as a prerequisite to rezoning. It is also argued that defendants have acted in a manner at odds with the procedures set up for the Planning Commission by the Mayor and Council. It is therefore contended that such allegedly illegal action must be enjoined and the building permit sought by plaintiff ordered issued.

On a motion for summary judgment, the moving party must satisfy the court that there is no basis in law on which the opposing party may successfully rely in opposing such a motion. That is to say, a trial court must be convinced in light of all of the undisputed material facts of record, viewed most favorably to the interests of the non-moving party, that there is no basis in law for the proposition that summary judgment would be inappropriate.

First of all, in my disposal of the pending motion I am satisfied, on the basis of the present record, that the failure of the Planning Commission to disapprove of plaintiff's final plot was tantamount to its approval. See stipulation of facts, item 9, and 22 Del.C. § 708. The question to be decided therefore is the effect of such tacit approval.

---

1. The plot of land involved in this action lies between Routes 13 and 113 south of Court Street in Dover. Both of the aforesaid highways are heavily traveled.

■ The statute which authorizes municipalities to set up planning commissions is not mandatory in that 22 Del.C.Chap. 7 provides a statutory framework on the basis of which a municipality may proceed to create a planning body, the mayor and council of any municipality being empowered to regulate what such commission may determine, 22 Del.C. § 708. Furthermore, the city charter of Dover contains a specific provision authorizing such a commission, § 23 of such charter providing that:

"The Council may create a City planning commission for the development, improvement, and beautification of the city, and prescribe its powers and duties."

It is therefore evident that the powers of the Planning Commission arise as a result of a delegation of powers by the City Council.

■ However, basic authority of the Planning Commission and the procedures to be followed by it with regard to subdivisions has been established by an ordinance approving the Planning Commission's proposal and recommendation for the adoption of such procedures. These pertinent ordinances were published in pamphlet form [2] by the City upon their adoption by the Planning Commission and their approval by the Mayor and Council. It remains, however, the statutory prerogative of the Mayor and Council to "regulate and restrict * * * the location and use of buildings * * *" 22 Del.C. § 301.

Furthermore, the right of a legislative body to change, modify, or repeal its own ordinance is inherent in the powers delegated to it, Boozer v. Johnson, 33 Del.Ch. 554, 98 A.2d 76, and Shellburne v. Roberts (Del.Supr.) 224 A.2d 250, subject, of course, to the rule that such a legislative body must act so as not to violate constitutional rights, including those of due process.

The ultimate question thus to be decided is whether or not an agency decision made by a commission created by the Mayor and Council may be overturned by the latter. In other words, is the corporate entity of the Mayor and Council relieved of its primary responsibility and power to promote the safety and welfare of the community by creating a commission to aid it in fulfilling its statutory obligations?

■ I conclude that the Mayor and Council may, in a proper case, instruct its Building Inspector to refuse to issue a building permit,[3] it being the prerogative of the Mayor and Council to decide whether or not a proposed project within the City limits will best serve the safety and general welfare of the community. The Mayor and Council may, therefore, cause the issuance of a building permit to be refused if such refusal is reasonable and neither arbitrary nor capricious, where, as here, rezoning is not involved.

Defendants contend that the orders of the Mayor and Council are the result of changing conditions in the area [4] involved,

2. The pamphlet is entitled "City of Dover, Delaware, Land Subdivision Regulations," cited herein as "Land Subdivision Regulations."

3. The powers of the Building Inspector are derived solely from City Council. See Charter of the City of Dover, Section 22, which says in part:
"The Council may provide for the issuance of building permits and forbid the construction of a new building or the addition to or alteration and repair of an existing building except a building permit has been obtained therefor. The Council may appoint a building inspector and prescribe his powers and duties."
The Building Inspector is accordingly an agent of City Council and has only those powers which are conferred upon him by ordinance. Council may change such powers at will or by reasonable action inconsistent with its prior ordinance.

4. It is contended that the area involved is rapidly becoming a commercial area. In the event of the construction of a proposed new cross state highway the site chosen will be bordered on three sides by high speed roads.

which conditions may well eventually lead to a rezoning of the area.[5] It is also argued that plaintiffs proposed project would create unnecessary street hazards for the eventual residents of the subdivision, a legitimate concern of City Council in its primary role of City planner.[6]

■ The question remaining to be decided is accordingly whether or not the Mayor and Council acted reasonably under the circumstances of this case. See 22 Del. C. § 301, and Charter of the City of Dover, § 22. I conclude that at this stage in the proceeding it can only be said that the reasons given by defendants may well be valid, but that such a determination cannot be made short of trial at which the actions of the Mayor and Council may be evaluated. See R K Development Co. v. Norwalk, 156 Conn. 369, 242 A.2d 781.

■ In conclusion, it should be noted that in determining whether or not to prohibit the issuance of a building permit the Mayor and Council is not under the same limitations as its agent, the Building Inspector, the latter's authority being delegated and thus limited by the ordinance creating his authority.[7] Thus, the action of the Building Inspector must be controlled by the ordinances and codes which circumvent his authority. See Land Subdivision Regulations, Art. IV, § C, Pars. 7, 11. It is the City Council, however, which creates such ordinances and codes. The latter, therefore, is not limited in its action by proceedings established in existing codes or ordinances other than those set out in the zoning code. It would therefore appear to be within the powers of Council to act by ordinance or in the manner here complained of in a situation such as the one here presented so long as such action does not violate constitutional guarantees of due process by being neither arbitrary nor capricious, or otherwise unreasonable.

On notice, an order denying plaintiff's motion for summary judgment will be entered.

---

5. The action of the Mayor and Council here appears to be analogous to the use of emergency ordinances to forbid the construction of certain types of buildings pending a change in existing zoning codes. Such a procedure has been upheld in a number of jurisdictions even where building permits have been lawfully issued under existing zoning regulations. See 2 Rathkoph, The Law of Zoning and Planning, 57–35, and 58 Am.Jur., Zoning, § 137. This type of action has generally been used where the area has been the subject of a comprehensive zoning plan. I believe, however, the principle involved is pertinent to the action taken in the case at bar.

6. See Note, Land Subdivision Control, 65 Harv.L.Rev. 1226, 1227 (1952) ;
  "Zoning presupposes that the needs of the community have become sufficiently crystallized to permit the enactment of specific regulations. Subdivision control, on the other hand, establishes more general standards to be specifically applied by an administrative body in order to insure that the change of use will not be detrimental to the community."

7. "Delegatus non potest delegare."