**LEON N. WEINER & ASSOCIATES, INC.,**
Plaintiff Below, Appellant,

v.

Crawford J. CARROLL et al., Defend-
ants Below, Appellees.

Supreme Court of Delaware.

April 6, 1971.

Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, for plaintiff below, appellant.

Nicholas H. Rodriguez, City Sol., Dover, for defendant below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal arises in an action by a real estate developer to enjoin the Mayor and Council of the City of Dover from interfering with the construction of a certain low-rent public housing project in Dover. The Chancery Court denied the plaintiff's motion for partial summary judgment by which the plaintiff sought a decree that the actions of the Mayor and Council, complained of, were improper and unlawful. See 270 A.2d 539. The plaintiff appeals.

## I.

The determinative and undisputed facts are these:

In early 1969, the Dover Housing Authority [1] solicited proposals from developers for the construction of a low-rent public housing unit under the so-called "turnkey" program, whereby the Housing Authority purchases the completed project from the developer. The obligations of the Housing Authority are backed by a financial assistance commitment of the Federal Government through its Department of Housing and Urban Development (hereinafter "HUD"), thus requiring the developer to comply with HUD's requirements, as well as with all local requirements, including those pertaining to zoning and planning.

The plaintiff, Leon N. Weiner & Associates, Inc., submitted its proposal for the housing unit to the Dover Housing Authority and, in July 1969, the Authority notified the plaintiff that it had tentatively approved the plaintiff's proposal. The site thus selected and approved is on land situate east of U.S. Route 13, west of U.S. Route 113, and south of Court Street in Dover.

After thus receiving the tentative approval of the Housing Authority, the plaintiff did all things specified by law to meet the requirements of authorities having jurisdiction over the project. There was no zoning problem, since the current zone classification of RG–2 permitted the proposed use of the land, and the plaintiff's proposed project complied in all respects with the Dover Zoning Ordinance. However, since the project constituted a "subdivision" as defined in the Dover Land Subdivision Regulations, which were promulgated by the Dover Planning Commission [2] and approved

---

1. Created under 31 Del.C. Ch. 43 and 53 Del.L. Ch. 24.

2. The Dover Planning Commission was created under 22 Del.C. Ch. 7; § 701 thereof provides as follows:
"§ 701. Establishment of Planning Commission; membership
"Any incorporated city or town may at any time establish a planning commission under the terms of this chapter. A planning commission established hereunder shall consist of not less than five, nor more than nine members. Such members shall in cities be appointed by the mayor, subject to confirmation by the city council, and in towns where there is not a mayor shall be elected by the town commissioners. When a planning commission is first established the members thereof shall be appointed or elected for terms of such length and shall be so arranged that the term of at least one member shall expire each year; and their successor shall be appointed or elected for terms of three to five years each. Any member of the planning commission so established in a city may be removed for cause after a public hearing by the mayor with the approval of city council; members of the planning commission elected by town commissioners shall be removed by them for cause after a public hearing by a majority vote. A vacancy occurring otherwise than by expiration of term shall be filled for the unexpired term in a city in the same manner as an original appointment and in a town by the town commissioners. Such a planning commission shall elect annually, a chairman and a secretary from among its own number, and may employ experts, clerical and other assistants. It may appoint a custodian of its plan and records who may be the city engineer or town clerk."
In accordance therewith, the Dover Planning Commission was created, consisting of nine members appointed by the Mayor and confirmed by the City Council.
Among the powers and duties vested by 22 Del.C. Ch. 7 in any Planning Commission, established under the provisions of that Statute, are the following: (1) To make a comprehensive development plan for the development of the entire city or of such part or parts thereof as the Planning Commission may deem advisable; such comprehensive plan to be adopted, and amended from time to time, by a majority vote of the Planning Commission and to be a public record. (2) To have "full power and authority to make such investigations, maps, and reports of the resources, possibilities, and needs of the city * * * as it deems desirable * * *"; and to submit such completed reports to the City Council with its recommendations. (3) To make an annual report to the City Council on the activities of the Commission. (4) To enforce, by action in the

734

by Dover's City Council, the plaintiff was obliged to comply with those Regulations before commencing construction.

The plaintiff complied with all of the requirements of HUD, of the Housing Authority, and of the Planning Commission to the point of applying for "Conditional Approval" of the "Preliminary Layout" of the development, as required by the Land Sub-

division Regulations. On March 16, 1970, the Planning Commission, by a 5 to 4 vote, approved the plaintiff's application. On March 23, 1970, before either the plaintiff or the Planning Commission could proceed further in compliance with the specifications of the Regulations,[3] the Council issued a directive to the Planning Commission to take no further action in the matter until directed to do so by the Council. This

Court of Chancery, any of the provisions of 22 Del.C. Ch. 7 and any ordinance or by-law made thereunder. That Statute also provides: (1) that the City Council may not act contrary to the official map, prepared under the direction of the Planning Commission, unless the change has been referred to the Planning Commission for study and recommendation; (2) that the Council may refer "any other matter or class of matters" to the Planning Commission "before final action thereon with or without provision that final action shall not be taken until the planning commission has submitted its report or has had a reasonable fixed time to submit such report"; and (3) that the planning commission "shall have full power to make such investigations, maps, and reports and recommendations in connection therewith * * * as it deems desirable."

3. The Dover Land Subdivision Regulations state that the following is their purpose:
"These regulations are adopted in order to promote and protect the public health, safety, convenience and general welfare, insure the orderly growth and development of the City, the conservation, protection and proper use of land, and adequate provision for housing, recreation, circulation, utilities and services; safeguard the City from undue future expenditure for the maintenance of streets and public spaces."
After providing for the filing with the Planning Commission of an application for Conditional Approval of a project and for the action to be taken by the Planning Commission thereon, and after providing for the filing with the Commission of a Preliminary Layout of the project and for the action to be taken by the Planning Commission thereon, the Land Subdivision Regulations then provide the following: that when, as in the instant case, Conditional Approval of the Preliminary Layout has been granted by the Commisson, the developer must submit to the Commission a Plat and a grading plan, together with specified

supporting documents, within 6 months after the approval of the Preliminary Layout; that prior to approval of the Plat, a public hearing shall be held in accordance with the following directions:

"Prior to the approval of the Plat, the Commission shall hold a public hearing to be advertised in a newspaper of general circulation at least seven (7) days prior thereto. At least five (5) days prior to the hearing the Subdivider shall notify by mail all property owners within two hundred (200) feet of the extreme limits of the subdivision as their names appear on the municipal tax record and provide the Commission with Post Office return receipts for all letters. Said notice shall state the time and place of hearing, a brief description of the subdivision and that a copy of said subdivision has been filed with the City Clerk for public inspection. Following said hearing, and within forty-five (45) days from the date of submission of the Plat, the Commission shall approve or disapprove said Plat, and within five (5) days, shall notify the Subdivider in writing of its decision and state the conditions of approval if any, the required modifications if any, or the reasons for disapproval. Approval of the Plat shall not become final until the provisions of paragraph 5 and 6 below have been complied with."
Paragraph 5 and 6 of the Regulations, referred to above, require the submission of construction plans to the City Manager and the posting of a bond by the developer conditioned upon completion of the project to the satisfaction of the City Manager within 3 years. Thereafter the Plat is finally approved by the signatures of the Chairman and one member of the Planning Commission; and the Building Inspector is thereupon authorized to issue a building permit "upon his finding that the plans and data submitted are in full compliance with all requirements of the Zoning Ordinance and all other applicable codes and ordinances."

was done summarily, without notice to the plaintiff and without any opportunity to the plaintiff or other interested party to be heard in the matter. The reasons advanced by the Council for the directive related to: problems of traffic, pedestrian and vehicular, and noise; the changing character of the area from residential, as presently zoned, to commercial; the lack of schools, recreation areas, and shopping facilities; and the proximity of another low-income housing development nearby.

Believing that the action of the Council had no legal effect, the plaintiff proceeded to submit to the Planning Commission a Plat of the proposed development. On the basis of the directive it had received from the City Council, however, the Planning Commission took no further action in the matter; there was no public hearing on the Plat as required by the Regulations; and the Plat remained, and remains, neither approved nor disapproved by the Planning Commission. Thereafter, the plaintiff applied to the Dover Building Inspector for a building permit. As in the case of the Planning Commission, the City Council directed the Building Inspector not to entertain the plaintiff's application; and, as a result, the Building Inspector refused to accept the plaintiff's submissions. Thus, the plaintiff's proposal and the housing project remain in limbo to this date.

## II.

█ We hold that the action of the Dover City Council, in issuing the veto directive to the Planning Commission, was an impermissible usurpation of the functions and powers of the Commission. The Mayor and Council concede that the action thus taken was an attempt to perform the same planning functions that had been vested in the Planning Commission under 22 Del.C. Ch. 7 and the Land Subdivision Regulations. As such, the action of the Council was improper and unlawful.

The Planning Commission is a separate and independent statutory body, having the responsibilities, powers, and functions vested in it by 22 Del.C. Ch. 7 and the Land Subdivision Regulations. Having established the Planning Commission under 22 Del. C. Ch. 7, the City Council of Dover delegated to it all of the powers and functions specified by that Statute or otherwise vested in the Commission thereunder. The Land Subdivision Regulations, duly approved by the Mayor and Council, referred certain powers and duties to the Planning Commission in addition to those specified by 22 Del.C. Ch. 7, as is expressly authorized by that Statute.

Such delegated powers and functions may not be reclaimed summarily by the Council at will. The Council may not peremptorily interpose and substitute itself in the place of the Commission in the performance of powers and duties thus lawfully assigned to the Commission. Nowhere in the Statute or the Regulations is there reserved to the City Council the power to intervene in the Commission's deliberations and decisions, or to substitute itself for the Commission; nor is there reserved to the Council the power summarily to review and reverse decisions made by the Commission. Having failed to reserve the power to review and reverse action of the Planning Commission, it is clear on the face of the Land Subdivision Regulations that the decisions of the Planning Commission made in accordance therewith are final, subject only to judicial review.

█ There must be order and certainty in the law, especially with respect to real property. As has been often stated, it is almost as important that the law be settled as it is that the law be right, particularly where real property is involved. Abbott Supply Co. v. Shockley, Del.Super., 128 A.2d 794, 798 (1956); State v. Pennsylvania Railroad Co., Del.Ch., 228 A.2d 587, 598 (1967). Property holders are entitled to know, with a reasonable degree of certainty, the legal rules and regulations, the legal processes and procedures, governing them in the use of their property. To the extent reasonably possible, the rights and obligations of a property holder under the

**736**

law should be clear; and the consequences of a course of action, duly adopted and followed by him under existing law, should be predictable.

The Land Subdivision Regulations constitute the basic body of existing law governing the present situation. The plaintiff is entitled to the orderly progression of deliberation and action by the Planning Commission prescribed by those Regulations. Any interference by the City Council, which obstructs action by the Planning Commission taken in compliance with the Regulations, is improper and unlawful and should be enjoined.

In support of their position, the Mayor and Council rely almost entirely upon Popular Refreshments, Inc. v. Fuller's Milk Bar, Inc., 85 N.J.Super. 528, 205 A.2d 445 (1964). That case is inapposite; it dealt with the discretionary powers of a planning commission, not with the power of a city council to supersede and surplant the planning commission.

■ It is recognized, of course, that the Mayor and Council of Dover have a direct interest and responsibility in any project such as is here involved. The reasons advanced by the Council for its veto directive to the Planning Commission, however, are reasons related to the Council's zoning function. If the property should have been rezoned, there are orderly and certain processes and procedures set forth in the Dover Zoning Ordinance for such action by the Council. Included are requirements for a study and report by the Planning Commission and for a public hearing on the proposed change in zoning, with the due process rights of all concerned fully protected. The requirements of the Zoning Ordinance, and the law pertaining thereto, may not be circumvented; they must be fulfilled before the subject property may be declared by the Council to be unusable for purposes now permitted by law.

\* \* \*

Accordingly, it is held that the judgment of the Chancery Court must be reversed and the cause remanded for further proceedings not inconsistent herewith.

This is not to say, however, that the plaintiff is entitled to a building permit now. It may be so entitled ultimately; but the Regulations require the fulfillment of several more steps by the plaintiff and the Planning Commission before the building permit stage is reached. The plaintiff is entitled now to the restoration of the matter before the Planning Commission to the same status and posture it had when the proceedings of the Commission were improperly halted by the Council. The plaintiff is also entitled now to prompt action by the Planning Commission at each subsequent stage of the procedures set forth in the Regulations, including a public hearing on the Plat and express approval or disapproval thereof. Upon such approval, and upon compliance by the plaintiff with the remaining obligations of the developer under the Regulations, the plaintiff may be entitled to a building permit as specified by the Regulations.

Reversed and remanded.