Mack EMMERT, Executor of the Estate
of Karl Franz, Plaintiff,

v.

Michael A. PRADE and E.I. Du Pont De
Nemours and Company, Defendants.

Civil Action No. 14036.

Court of Chancery of Delaware,
New Castle County.

Submitted: Aug. 29, 1997.
Decided: Nov. 5, 1997.

Richard M. Baumeister, Wilmington, for Plaintiff.

David J. Teklits, of Morris, Nichols, Arsht & Tunnell, Wilmington, for Defendant Michael A. Prade.

***OPINION***

CHANDLER, Chancellor.

Plaintiff requests this Court to reform the beneficiary designations of a decedent's life insurance policy and pension plan to mirror the disposition of assets in the decedent's will. Plaintiff does not allege ambiguity of language or flawed execution of the beneficiary designation forms. Plaintiff bases the reformation request on his belief that payment of the death benefits to the named beneficiary would be contrary to the wishes of the decedent. Concluding that plaintiff has not stated a proper claim for reformation of contract, even taking as true all facts pleaded by plaintiff, I find that defendant is entitled to judgment as a matter of law and, thus, grant defendant's motion for summary judgment.

## I. BACKGROUND

The decedent, Karl Franz, executed a will in June 1964 in which he left his residuary estate to his parents. In the event his parents should predecease him, decedent's will provided that Michael A. Prade would receive the residuary estate. In August 1985, decedent executed beneficiary designation

forms for a Savings and Investment Plan ("Pension Plan") and Group Life Insurance Policy ("Insurance Policy") administered by his employer, E.I. du Pont de Nemours & Co. ("DuPont"), expressly naming Michael A. Prade as the sole beneficiary of both plans. There are no allegations in the complaint that decedent was mentally impaired or subject to undue influence or deception when he made these beneficiary designations.

In August 1993, decedent consulted with attorney Edmund F. Lynch about modifying his estate plan. Decedent allegedly indicated to Mr. Lynch that he wished to completely disinherit Mr. Prade. Mr. Lynch has experience in the area of estate planning and is aware that the disposition of non-probate assets, such as the Pension Plan and Insurance Policy, normally is not governed by the terms of one's will. Mr. Lynch's handwritten notes from his consultation with decedent indicate that he broached the subject of non-probate assets during their meeting. Although Mr. Lynch's notes do not indicate what advice he gave to decedent regarding his Pension Plan or Insurance Policy, Mr. Lynch has testified that he typically explains to clients that pension plan and insurance policy beneficiary designations are not affected by changes made to one's will.

Following the consultation with Mr. Lynch, decedent executed a new will on August 24, 1993, in which he "disinherited" Mr. Prade and named several relatives as beneficiaries. It is undisputed, however, that decedent took no steps to change the beneficiary designations for the Pension Plan or Insurance Policy. He died a little over a year later, on September 4, 1994.

Included among the residuary beneficiaries of the 1993 will—which is uncontested as decedent's last will and testament—is plaintiff Mack Emmert, executor of decedent's estate. On February 16, 1995, plaintiff filed a Verified Petition against Mr. Prade and DuPont seeking to reform decedent's Insurance Policy and Pension Plan to change the beneficiary designations from Mr. Prade to the estate of Mr. Franz.

On January 30, 1996, Mr. Prade answered the Verified Petition and brought a cross-claim against DuPont seeking an Order directing DuPont to distribute to Mr. Prade the death benefits under the Insurance Policy and Pension Plan. DuPont filed an answer to the cross-claim on February 16, 1996.

On May 21, 1997, Mr. Prade (hereinafter "defendant") moved for summary judgment on plaintiff's claims in the Verified Petition and his own cross-claim against DuPont on the basis of the clear and unambiguous language of the beneficiary designation forms naming defendant as the sole beneficiary. This is my decision on defendant's motion for summary judgment.

Plaintiff contends that the beneficiary designations of the Insurance Policy and Pension Plan should be reformed to conform to the decedent's expressed wish to "disinherit" defendant. Plaintiff lists nineteen witnesses who are prepared to testify that the decedent wanted to leave defendant no assets upon his death. Plaintiff also offers the testimony of attorney Lynch that during their consultation, the decedent indicated that he wished to "cut someone out" of his will. Because, plaintiff asserts, the decedent "through inadvertent error or mistake, failed to change the designated beneficiary," plaintiff calls upon the equitable powers of this Court to reform the documents so as to implement the decedent's "true" wishes.[1]

Defendant argues that because the language on the beneficiary designation forms is clear and unambiguous, this Court should not interpret the language, but rather should enforce the contract as written and order DuPont to pay out the death benefits to defendant, the undisputed beneficiary designated on those forms. Defendant notes that plaintiff has not alleged any legal basis, such as incompetence, undue influence or fraud in the execution, for attacking those designations. Further, defendant argues that it is settled Delaware law that the proceeds of insurance policies and pension plans pass to the beneficiary named therein, and do not go to the decedent's estate unless they are expressly made payable to the estate. Based on established Delaware law, defendant ar-

---

1. Ans. Br. at 2.

gues that plaintiff has not articulated a cognizable legal theory supporting reformation in this case and, thus, defendant is entitled to judgment as a matter of law.

## II. LEGAL STANDARD

The function of summary judgment is the avoidance of a useless trial where there is no genuine issue as to any material fact.[2] After reviewing the complete record and drawing all inferences in favor of the non-moving party, the Court must find that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[3]

## III. ANALYSIS

As a preliminary matter, I note that it is undisputed that the beneficiary designations on the Insurance Policy and Pension Plan are clear and unambiguous. Plaintiff concedes that "[t]here are no ambiguous terms in any of these documents, and the court does not need to interpret their terms."[4] Thus, the issue before this Court is not one of contract interpretation, but rather one of contract reformation.

### A. *Grounds for Reformation*

 It is a basic principle of equity that the Court of Chancery may reform a document to make it conform to the original intent of the parties.[5] But reformation is appropriate "only when the contract does not represent the parties' intent because of fraud, mutual mistake or, in exceptional cases, a unilateral mistake coupled with the other parties' knowing silence."[6]

Plaintiff here requests reformation of the Insurance Policy and Pension Plan to bring their 1985 beneficiary designations into conformity with the distribution plan embodied in the decedent's final will executed in 1993. The basis for plaintiff's petition is the fact that decedent's 1993 will altered an earlier disposition scheme from 1964 and that decedent purportedly made numerous statements that he wished to disinherit defendant. For the reasons stated below, neither circumstance, taking all facts pleaded as true, warrants the relief sought by plaintiff.

First, the beneficiary designations at issue *do* express the original intent of the parties. It is undisputed that decedent competently and knowingly designated the defendant as the sole beneficiary of his Insurance Policy and Pension Plan. Thus, the 1985 beneficiary designations reflect decedent's intent *at that time* to make defendant his beneficiary. Plaintiff seeks reformation in order to bring the documents into conformity with an intention that arose (if at all) several years *after* the original contracts were executed. This is not the purpose of reformation.

Second, assuming *arguendo* that plaintiff did seek reformation for a proper purpose (*i.e.*, to conform the documents to the parties' original intent), plaintiff pleads none of the established grounds for reformation. Plaintiff asserts no misrepresentation, mistake, duress, undue influence or lack of competence that might make reformation appropriate.[7] Instead, plaintiff's sole ground for requesting this relief is a belief "that to pay over to Defendant, Michael A. Prade, the proceeds of [the plans] would be contrary to

---

**2.** *H. & S. Mfg. Co. v. B.F. Rich Co.*, Del. Ch., 164 A.2d 447 (1960).

**3.** *Moore v. Sizemore*, Del.Supr., 405 A.2d 679 (1979).

**4.** Ans. Br. at 4.

**5.** *Waggoner v. Laster*, Del.Supr., 581 A.2d 1127, 1135 (1990) ("In such a case the instrument may be corrected so that it shall truly represent the [disposition] actually made or determined upon according to the real purpose and intention of the part[y].").

**6.** *James River–Pennington Inc. v. CRSS Capital, Inc.*, Del.Ch., C.A. No. 13870, at 14, Steele V.C.,

1995 WL 106554 (March 6, 1995) (citations omitted).

**7.** Decedent's competence when he executed the beneficiary designations in 1985 has not been challenged. Plaintiff does suggest that decedent "was not aware of the totality of his Estate" when he consulted attorney Lynch in 1993. (Ans. Br. at 4.) Decedent's state of mind in 1993, however, has no bearing whatsoever on his state of mind in 1985—the time that matters for our purposes. It is decedent's intent at the time of contracting that controls.

the express wishes of Decedent"—at the time of his death.[8]

Even assuming, obliged as I am to draw all inferences in favor of the non-moving party, that the decedent's intention when he executed a new will in 1993 was to prevent defendant from receiving any benefits at his death, plaintiff's basis for seeking reformation—"[decedent's] wish to disinherit"—does not satisfy the legal requirements. "It is undisputed that Mr. Franz took no steps to change the beneficiary designation forms for the pension plan or insurance policy."[9] Decedent executed a new will in 1993. Plaintiff asserts that "through inadvertent error or mistake [decedent] failed to change" the beneficiary designations for the Insurance Policy and Pension Plan at the same time.[10] Failure to change the beneficiary designations, however, does not constitute the sort of "mistake" justifying reformation.

Plaintiff asks whether a decedent's "wish to disinherit will allow this Court to change the named beneficiary of a Savings and Investment Plan and separate Insurance Policy."[11] The answer, without more, is "no."

### B. *Summary Judgment*

 Plaintiff asserts that it would be inappropriate for the Court to grant summary judgment when there are factual disputes between the parties. Plaintiff, however, misunderstands the legal standard for granting summary judgment. While it is true that summary judgment is inappropriate when there are genuine issues of material fact, this standard assumes there is an underlying legal claim.[12] The moving party must satisfy the Court that there is no basis in law on which the opposing party may successfully rely in opposing such a motion for summary judgment.[13] Here, plaintiff has presented no legally cognizable claim for reformation of the beneficiary designations. Although plaintiff and defendant might disagree as to particular facts, absent a cognizable legal claim underlying them, such disputes do not prevent the granting of summary judgment. Thus, the question of whether or not the decedent intended to disinherit defendant or intended to leave him a substantial part of his estate is not "material" and cannot concern this Court.

In conclusion, plaintiff has not stated a proper legal basis for the relief sought. Assuming all facts alleged are true and drawing all inferences in favor of plaintiff, the non-moving party, I find that there is no genuine issue of material fact and that defendant, Mr. Prade, is entitled to judgment as a matter of law.

For all of these reasons, I grant defendant's motion for summary judgment.[14]

IT IS SO ORDERED.

---

8. Verified Pet. ¶ 7.

9. Open. Br. at 4.

10. Ans. Br. at 4.

11. Ans. Br. at 3.

12. *See H. & S. Mfg. Co. v. B.F. Rich Co.*, Del. Ch., 164 A.2d 447, 448 (1960) ("The Function of summary judgment is, of course, the avoidance of a useless trial where there is no genuine issue as to any material fact.").

13. *Leon N. Weiner & Assocs. v. Carroll*, Del. Ch., 270 A.2d 539 (1970), *rev'd on other grounds*, Del.Supr., 276 A.2d 732 (1971).

14. I do not need to address plaintiff's February 16, 1995, Motion for a Temporary Restraining Order, as this decision renders that request moot.