The CHASE MANHATTAN BANK,
As Collateral Agent, Plaintiff,

v.

IRIDIUM AFRICA CORPORATION; Iridium Canada, Inc.; Iridium China (Hong Kong) Ltd.; Iridium India Telecom Ltd.; Iridium Middle East Corporation; Iridium Sudamerica Corporation; Khrunichev State Research and Production Space Center; Korea Mobile Telecommunications Corporation; Lockheed Martin Corporation; Motorola, Inc.; Nippon Iridium (Bermuda) Ltd.; Pacific Electric Wire & Cable Co., Ltd.; Raytheon Company; Sprint Iridium, Inc.; STET–Societá Finanziaria Telefonica Per Azioni; Thai Satellite Telecommunications Co., Ltd.; and Vebacom Holdings, Inc., Defendants.

No. CIV.A.00–564 JJF.

United States District Court,
D. Delaware.

March 2, 2004.

Stephen E. Jenkins, Esquire, and Regina A. Iorii, Esquire of Ashby & Geddes, Wilmington, DE. Of Counsel: Barry R. Ostrager, Esquire, Mary Kay Vyskocil, Esquire, and David J. Woll, Esquire of Simpson Thacher & Bartlett, New York City. Richard A. Mescon, Esquire, Lawrence J. Slattery, Esquire, and David Stoelting, Esquire of Morgan, Lewis & Bockius LLP, New York City, for Plaintiff The Chase Manhattan Bank, as Collateral Agent.

Richard K. Herrmann, Esquire of Blank, Rome, Cominsky & McCauley LLP, Wilmington, DE. Of Counsel: Kirkland & Ellis, Chicago, IL, for Defendant Motorola, Inc.

Samuel A. Nolen, Esquire, Anne C. Foster, Esquire, and Catherine G. Dearlove, Esquire of Richards, Layton & Finger, Wilmington, DE, for Defendants Korea Mobile Telecommunications Corporation and STET–Societa Finanziaria Telefonica Per Azioni. Of Counsel: Cleary, Gottlieb, Steen & Hamilton, New York City, for Defendant Korea Mobile Telecommunications Corporation.

William J. Marsden, Jr., Esquire and John T. Meli, Jr., Esquire of Fish & Richardson, Wilmington, DE, for Defendants Iridium Africa Corporation, Iridium Middle East Corporation, and Khrunichev State Research & Production Space Center (Russia). Of Counsel: Fulbright & Jaworski LLP, Washington, DC, for Iridium Africa Corporation and Iridium Middle East Corporation. Debevoise & Plimpton, New York City, for Defendant Khrunichev State Research & Production Space Center (Russia).

Barry M. Klayman, Esquire of Wolf Block Schorr & Solis–Cohen, Wilmington, DE. Of Counsel: Preston Gates & Ellis LLP, Portland, OR, for Defendant Iridium China (Hong Kong) Ltd.

P. Clarkson Collins, Jr., Esquire of Morris, James, Hitchens & Williams LLP, Wilmington, DE. Of Counsel: Lebouf, Lamb, Green & Macrae, LLP, New York City. Ray, Quinney & Nebeker, Salt Lake City, UT, for Defendant Nippon Iridium (Bermuda) Limited.

Victor F. Battaglia, Sr., Esquire of Biggs & Battaglia, Wilmington, DE. Of Counsel: Armstrong Teasdale LLP, Kansas City, MO, for Defendant Sprint Iridium, Inc.

David McBride, Esquire and John Paschetto, Esquire of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Defendants Iridium Canada, Inc.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is The Chase Manhattan Bank's ("Chase") Objections To The Magistrate Judge's Recommendations On Summary Judgment. (D.I.660.) For the following reasons, the Court will not adopt the Magistrate Judge's Report and Recommendation on the issues of the effect of the Secretary's Certificate, Chase's fraud claim, and the Defendants' waiver of defenses under Section 4.02 of the Iridium LLC Agreement (the "LLC Agreement"). The Court will adopt the Magistrate Judge's Report and Recommendation on Chase's reformation claim and that unanimous consent of the Members was required to amend Section 4.02 of the LLC Agreement.

### BACKGROUND

The facts relevant to Chase's Objections involve a certificate executed by Iridium LLC's corporate assistant secretary (the "Certificate"), Kevin Lavin (the "Secretary"), and presented to Chase in connection with the $800 million loan Chase tendered to Iridium LLC in 1998 (the "Chase Loan"). The Certificate represented to Chase that the 1998 amended version of the LLC Agreement (the "amended LLC Agreement") was "true and correct." The amended LLC Agreement gave Chase the right to directly demand the payment of the Members' Reserve Capital Call ("RCC") obligations. Iridium LLC also entered into the Parent and Security Pledge Agreement (the "Security Agreement") with Chase that assigned to Chase Iridium LLC's right to call the Members' RCC obligations. In reliance upon the Certificate and the Security Agreement, Chase contends that it extended the Chase Loan to Iridium LLC and its Members. In an April 23, 2002, Memorandum and Order (the "Memorandum and Order"), the Magistrate Judge resolved the parties'

cross-motions for summary judgment. (D.I.648.)

## STANDARDS OF REVIEW

### I. Review Of A Magistrate Judge's Report And Recommendation

When reviewing a dispositive matter decided by a magistrate judge, a district court shall conduct a de novo determination of those portions of the report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(B). A summary judgment motion is a dispositive matter for the purposes of Section 636. *Id.* Under Section 636(b)(1)(B), a district court "may accept, reject, or modify, in whole or in part [the magistrate judge's] findings and recommendations, and 'may also receive further evidence.'" *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (citation omitted).

### II. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence without making credibility determinations or weighing the evidence the "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to:

> do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505.

## DISCUSSION

### I. The Secretary's Certificate

■ In her Memorandum and Order, the Magistrate Judge denied Chase summary judgment because she concluded that the Certificate does not, "in and of itself," establish that the amended LLC Agreement was valid and binding on the Members. (D.I. 648 at 11.) The Magistrate Judge reasoned that the Certificate only indicates that the Secretary was acting on behalf of Iridium LLC. Further, the Magistrate Judge observed that Section 2.02 of the LLC Agreement does not grant the Secretary the authority to bind the Members through his representation to Chase

that the amended LLC Agreement was valid. *Id.*

In its objections, Chase contends that the Magistrate Judge incorrectly concluded that the Certificate does not, as a matter of law, establish that the changes to Section 4.02 of the amended LLC Agreement were valid and binding on the Members. Chase maintains that Section 2.02 of the LLC Agreement provides that the Members agreed that all actions by Iridium LLC's board shall be binding on the Members, and therefore, the Certificate was executed and delivered to Chase on their behalf. Further, Chase contends that resolutions passed by the Members and Iridium LLC's Board of Directors provided the Secretary with the authority to bind the Members. In response, Defendants indicate their agreement with the Report and Recommendation by the Magistrate Judge.

### A. The Secretary's Certificate Is Conclusive Proof That The LLC Agreement Was Validly Amended

■ It is well established that in corporate transactions the parties to a transaction may demand and receive a certified copy of resolutions taken by the board from the corporation's secretary. Once the delivery by the secretary is made, the corporation may not deny the certificate's accuracy. *See In re Drive–In Dev. Corp.*, 371 F.2d 215 (7th Cir.1966); *Keystone Leasing Corp. v. Peoples Protective Life Ins. Co.*, 514 F.Supp. 841, 850 (E.D.N.Y. 1981); Larry D. Soderquist, *et al.*, *Functions and Authority of Officers*, PLIREF–CORPL § 8:4.4 (2001). This principle is

particularly important in today's business world because "the realities of modern corporate business practices do not contemplate that those who deal with officers or agents acting for a corporation should be required to go behind the representations of those who have authority to speak for the corporation[.]" *Drive–In*, 371 F.2d at 220. Applying these principles to the execution of the Certificate, the Court concludes that the Magistrate Judge incorrectly concluded that the Certificate does not, in and of itself, establish that the amended LLC Agreement was valid.

The Court concludes that the representations in the Certificate were made "on behalf" of Iridium LLC *and* its Members, and therefore, the Members are estopped from denying the validity of the Certificate's representations. One of the representations of the Certificate was that the attached amended LLC Agreement was "true and correct." (D.I. 661 at A0224.) As provided by Section 2.01 of the LLC Agreement, the Members managed and controlled Iridium LLC. Further, the Members agreed in Section 2.02 of the LLC Agreement that "all determinations, decisions and actions made or taken by the Board of Directors ... shall be conclusive and absolutely binding upon LLC [and the] Members[.]" Consequently, by executing the LLC Agreement, the Members agreed that the representation in the Certificate that the attached amended LLC Agreement was valid was made on their behalf. (D.I. 661 at A0224, A0148.) Accordingly, the Court will grant Chase summary judgment on its first claim for relief, breach of contract.[1] (D.I.182.)[2]

---

1. It is undisputed that Iridium LLC defaulted on the Chase Loan and that Chase called the Members' RCC obligations pursuant to Section 4.02 of the amended LLC Agreement. The Members refused to comply with Chase's demand for payment in contravention of the amended LLC Agreement, thus compelling the Court to grant Chase summary judgment on its breach of contract claim.

2. Based on the Court's conclusion that the Members may not deny the validity of the Certificate's representation that the amended LLC Agreement is "true and correct," the Court will not discuss the Magistrate Judge's

## II. Whether Defendants' Waiver Of Defenses Under Section 4.02 Includes A Waiver Of A Lack Of Consideration Defense

■ Chase objects to the Magistrate Judge's conclusion that an ambiguity exists in the LLC Agreement as to whether the Defendants' waiver of defenses in the LLC Agreement is contingent upon Iridium LLC's issuance of Class 1 Interests. Chase contends that courts regularly enforce absolute and unconditional waivers such as the one in the LLC Agreement. In response, Defendants contend that although they waived all defenses under Section 4.02 of the amended LLC Agreement to its RCC obligations, this waiver does not apply to their lack of consideration defense because Iridium LLC failed to issue them Class 1 Interests. For support of their contention, Defendants direct the Court to Section 11.03 of the LLC Agreement.

Section 11.03 provides the remedies available for the Members' failure to fulfill their RCC obligations. It states, "if any entity fails to pay any of the amounts required to be paid pursuant to Section 4.02 for the *purchase of interests*," Iridium LLC shall have the following remedies. § 11.03(a) of the amended LLC Agreement (emphasis added). Defendants contend that the "purchase of interests" language makes Iridium LLC's issuance of Class 1 Interests the consideration necessary to "trigger" their waiver of defenses under Section 4.02.

■ In *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001 (3d Cir. 1980), the Third Circuit held that ambiguities in a contract are questions of fact, and

thus, inappropriate for resolution at the summary judgment stage. *See id.* at 1011. However, "[a] contract is not rendered ambiguous simply because the parties do not agree upon its proper construction. Rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings." *Rhone–Poulenc Basic Chem. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del.1992). Under these standards, the Court concludes that the Defendants' interpretation of the LLC Agreement is not "reasonable."

Defendants, while couching their argument in terms of consideration, are actually contending that their waiver is conditioned upon Iridium LLC's issuance of Class 1 Interests. However, Section 4.02 of the LLC Agreement provides that each Member agrees that its duty to perform under the RCC obligation is "absolute and unconditional." § 4.02 of the amended LLC Agreement. Further, Section 4.02 provides that each "Member hereby waives in favor of [Chase] any defense it may have or acquire with respect to its obligations under the [RCC]." *Id.* Based upon this language, the Court concludes that no reasonable person could conclude that the Defendants' obligation to perform under the RCC was contingent upon Iridium LLC's issuance of Class 1 Interests. Accordingly, the Court concludes that Section 4.02 of the LLC Agreement is not "reasonably susceptible" to different interpretations on the issue of the Defendants' waiver of their defenses, and therefore, will not adopt the Magistrate Judge's Report and Recommendation on this issue.

Report and Recommendation on the issues of: 1) the express and implied authority granted to the Secretary by the LLC Agreement, and

2) whether Chase is entitled to summary judgment on its first claim for relief due to the Security Agreement.

## III. Whether The Magistrate Judge Correctly Recommended Summary Judgment On Chase's Fraud And Reformation Claims

The Magistrate Judge granted Defendants summary judgment on Chase's fraud, negligent misrepresentation, and reformation claims. Chase objects to the Magistrate Judge's conclusions on its fraud and reformation claims. For the following reasons, the Court will not adopt the Magistrate Judge's Report and Recommendation with respect to the fraud claim, but will adopt the Report and Recommendation as to the reformation claim.[3]

■ Beginning with the fraud claim, the Magistrate Judge, proceeding on her previous determination that the Secretary was acting on behalf of Iridium LLC and not the Members, concluded that Chase could not rely upon the Secretary's representations as a basis for its fraud claim against Defendants. (D.I. 648 at 27.) Because the Court has concluded that the Secretary's actions were on behalf of Iridium LLC and its Members, the Court will not adopt the Magistrate Judge's Report and Recommendation on Chase's fraud claim.

■ With respect to Chase's reformation claim, the Court will adopt the Magistrate Judge's Report and Recommendation. First, the Court notes that it previously issued a Memorandum Order resolving this issue on September 30, 2003. *The Chase Manhattan Bank v. Iridium Italia, S.p.A., Pacific Asia Communications, Ltd., and Pacific Iridium Holdings, Inc.*, C.A. No. 02–1368 JJF (D.I.101.) Although the motion before the Court was a motion to dismiss, the Court concludes that its rationale is equally applicable to the instant objections.

The Magistrate Judge granted Defendants summary judgment on Chase's reformation claim because she found that Chase presented insufficient evidence to permit a reasonable jury to find that the Members intended to eliminate the unanimous consent requirement in Section 11.01 of the LLC Agreement. Section 11.01 of the LLC Agreement requires the unanimous consent of the Members to amend their obligations under Section 4.02 of the LLC Agreement.[4] In its objections, Chase contends that the Magistrate Judge incorrectly determined what Chase must prove to succeed on its reformation claim.

■ Reformation under Delaware law[5] "is appropriate 'only when the contract does not represent the parties' intent because of fraud, mutual mistake or, in exceptional cases, a unilateral mistake coupled with the other parties' knowing silence.'" *Emmert v. Prade*, 711 A.2d 1217, 1219 (Del.Ch.1997) (citation omitted). In such a case, a court may reform a document to make it conform to the intent of the parties. *Waggoner v. Laster*, 581 A.2d 1127, 1136 (Del.1990). However, a court

---

**3.** Under Delaware choice of law rules, the parties agree that New York law governs Chase's fraud claim.

**4.** In its objections, Chase disputes the Magistrate Judge's conclusion that the Members' unanimous consent was required to amend Section 4.02 of the LLC Agreement. The Court is not persuaded by Chase's suggested reading of the LLC Agreement.

Section 11.01(e) of the LLC Agreement provides that Section 4.02 may be amended "only with the consent of LLC and each party whose rights and obligations ... are affected by such amendment(s)." § 11.01(e) of LLC Agreement. The language of Section 11.01(e) provides no basis for Chase's suggestion that the Court should read "each party" in isolation and find that every Member can individually amend the LLC Agreement with respect to their obligations. Accordingly, the Court will adopt the Magistrate's Report and Recommendation on this issue.

**5.** The parties do not contest that Delaware law governs Chase's reformation claim.

"must consider the interests of any third parties affected by the reformation." *Id.* Therefore, reformation is appropriate when "a transaction has been entered into . . . as intended by all parties interested" in the transaction. *Id.*

Based on these principles, Chase may only be provided the relief it seeks, even if the Court is to assume that Delaware law grants a third-party beneficiary standing,[6] if it demonstrates that all the Members intended to amend the LLC Agreement's unanimity requirement for amendments. Section 11.01(e) of the LLC Agreement states that amendments affecting the RCC "may be amended only with the consent of LLC and each party whose rights and obligations thereunder are directly affected by such amendment(s)[.]" As a third-party beneficiary, Chase's rights are governed by Section 11.01. *See Rumsey Elec. Co. v. Univ. of Delaware,* 358 A.2d 712, 714 (Del.1976) (stating that a third party's rights " 'are measured by the terms of the agreement between the principals.' ") (quoting *Rumsey Elec. Co. v. Univ. of Delaware,* 334 A.2d 226, 230 (Del.Super.1975)); *John Julian Constr. Co. v. Monarch Builders, Inc.,* 306 A.2d 29, 34 (Del.Super.1973); *Fritz v. Nationwide Mutual Ins. Co.,* 1990 WL 186448 (Del.Ch. 1990). Therefore, because Chase seeks to establish that Defendants intended to pledge the RCC obligations to the Chase Loan without the presence or consent of all Members, it must have alleged facts in its Amended Complaint sufficient to demonstrate that all the Members of Iridium LLC intended to reform the unanimity requirement for amendments in Section 11.01(e). Chase has not met this burden of pleading.

In its Amended Complaint, Chase alleges that the Defendants present at execution of the Chase Loan defrauded Chase into believing that they could, without the presence of all Members, validly amend the LLC Agreement. Chase also alleges that all parties present at the execution of the Chase Loan were mutually mistaken as to whether all the Members had to be present for the amendment to be valid. Implicit in these allegations of fraud and mutual mistake is that not all Members were present at the time of the execution of the Chase Loan. Thus, it would be impossible for all of the Members to have unanimously intended to reform the consensus requirement of Section 11.01(e). Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation and grant the Defendants summary judgment on Chase's reformation claim.

## CONCLUSION

After considering Chase's Objections to the Magistrate Judge's Report and Recommendation (D.I.660), the Court will not adopt the Magistrate Judge's Report and Recommendation on the issues of the effect of the Certificate, Chase's fraud claim, and the Defendants' waiver of defenses under Section 4.02 of the LLC Agreement. The Court will adopt the Magistrate Judge's Report and Recommendation on Chase's reformation claim and the unanimous consent of the Members issue concerning amendments to Section 4.02 of the LLC Agreement.

An appropriate Order will be entered.

---

**6.** This is an issue of split authority in Delaware law. *See Fritz v. Nationwide Mutual Ins.,* 1990 WL 186448 (Del.Ch.1990) (stating that third-party beneficiaries lack standing to reform the contract of the principle); *contra Emmert v. Prade,* 711 A.2d 1217, 1219 (Del. Ch.1997) (granting third party beneficiary standing to attempt to reform contract of parties).

## ORDER

At Wilmington, this 2 day of March, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) The Court *WILL NOT ADOPT* the Magistrate Judge's Report and Recommendation (D.I.648) regarding the effect of the Secretary's Certificate;

   a) The Chase Manhattan Bank's ("Chase") Motion For Summary Judgment (D.I.570) on its First Claim For Relief, Breach of Contract, is *GRANTED*;

2) The Court *WILL NOT ADOPT* the Magistrate Judge's Report and Recommendation (D.I.648) regarding Chase's Third Claim for Relief, Fraud;

3) The Court *WILL NOT ADOPT* the Magistrate Judge's Report and Recommendation (D.I.648) regarding the Defendants' waiver of defenses under Section 4.02 of the LLC Agreement;

4) The Court *ADOPTS* the Magistrate Judge's Report and Recommendation (D.I.648) regarding the conclusion that an amendment to Section 4.02 of the LLC Agreement required the unanimous consent of the Members;

5) The Court *ADOPTS* the Magistrate Judge's Report and Recommendation (D.I.648) regarding Chase's Second Claim For Relief, Reformation.