The CHASE MANHATTAN BANK,
As Collateral Agent, Plaintiff,

v.

IRIDIUM AFRICA CORPORATION; Iridium Canada, Inc.; Iridium China (Hong Kong) Ltd.; Iridium India Telecom Ltd.; Iridium Middle East Corporation; Iridium Sudamerica Corporation; Khrunichev State Research and Production Space Center; Korea Mobile Telecommunications Corporation; Lockheed Martin Corporation; Motorola, Inc.; Nippon Iridium (Bermuda) Ltd.; Pacific Electric Wire & Cable Co., Ltd.; Raytheon Company; Sprint Iridium, Inc.; STET–Societá Finanziaria Telefonica Per Azioni; Thai Satellite Telecommunications Co., Ltd.; and Vebacom Holdings, Inc., Defendants.

No. CIV.A. 00–564JJF.

United States District Court,
D. Delaware.

July 9, 2004.

Stephen E. Jenkins, Esquire and Regina A. Iorii, Esquire of Ashby & Geddes, Wilmington, DE, Of Counsel: Barry R. Ostrager, Esquire, Mary Kay Vyskocil, Esquire, and David J. Woll, Esquire of Simpson Thacher & Bartlett, New York City, for Plaintiff The Chase Manhattan Bank, as Collateral Agent.

William J. Marsden, Jr., Esquire, and John T. Meli, Jr., Esquire of Fish & Rich-

ardson P.C., Wilmington, DE, for Defendants Iridium Africa Corporation, Iridium Middle East Corporation, and Krunichev State Research and Production Space Center. Of Counsel: Robert A. Burgoyne, Esquire, and Caroline M. Mew, Esquire of Fulbright & Jaworski LLP, Washington, DC, for Defendants Iridium Africa Corporation and Iridium Middle East Corporation, Iridium Middle East.

Michael E. Wiles, Esquire, and Suzanne M. Grosso, Esquire of Debevoise & Plimpton, New York City, for Defendant Krunichev State Research and Production Space Center (Russia).

Barry M. Klayman, Esquire of Wolf Block Schorr & Solis–Cohen, Wilmington, Of Counsel: Stuart M. Brown, Esquire, and David Lenci, Esquire of Preston Gates & Ellis LLP, Portland, OR, for Defendant Iridium China (Hong Kong) Ltd.

P. Clarkson Collins, Jr., Esquire of Morris, James, Hitchens & Williams LLP, Wilmington, DE, Of Counsel: Annette Jarvis, Esquire of Ray Quinney & Nebeker P.C., Salt Lake City, UT, for Defendant Nippon Iridium (Bermuda) Limited.

Samuel A. Nolen, Esquire, and Anne C. Foster, Esquire of Richards, Layton & Finger, Wilmington, DE, for STET–Societá Finanziaria Telefonica per Azioni.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court are two motions, the Motion For Final Judgment filed by The Chase Manhattan Bank, now known as JPMorgan Chase Bank ("Chase") (D.I.910), and the Motion For Certification For Interlocutory Appeal filed by Defendants. (D.I.900.) For the reasons discussed, the Court will deny Chase's Motion and grant in part Defendants' Motion.

## BACKGROUND

In a March 2, 2004, Memorandum Opinion and Order ("the March 2 Opinion"), the Court granted Chase summary judgment on its first claim for relief, breach of contract. *See Chase Manhattan Bank v. Iridium Africa Corp.*, 307 F.Supp.2d 608 (D.Del.2004). In the March 2 Opinion, the Court concluded that the Defendants were precluded from denying the validity of the amendments to the Iridium LLC Agreement due to the representations made by Iridium LLC's Assistant Secretary on behalf of Defendants in a certificate delivered to Chase. *Id.* at 612. Additionally, in a February 13, 2004, Memorandum Opinion and Order (the "February 13 Opinion"), the Court concluded that 11 U.S.C. § 365(c)(2) does not preclude Chase from exercising its right to call the Reserve Capital Call ("RCC") obligations of the Defendants, notwithstanding Iridium LLC's bankruptcy.

## DISCUSSION

### I. Motion for Entry of Partial Final Judgment (D.I.910)

#### A. *Contentions*

Chase requests the Court to enter partial final judgment because it contends that there are no unresolved matters precluding final judgment following the Court's March 2 Opinion granting Chase summary judgment on its breach of contract claim. Chase maintains that all the defenses raised by Defendants in their Motion for Interlocutory Appeal have been resolved by the Court. In addition, Chase contends that the Court's grant of summary judgment, contrary to the assertions of Defendants, applies to both STET–Societa Finanziaria Telfonica per Azioni ("STET") and Pacific Electric Wire and Cable Company ("PEWC"). Chase also

contends that its request for attorneys' fees pursuant to Section 11.03 of the LLC Agreement does not prevent the entry of final judgment because its request is not an integral part of the contractual relief it seeks.

Defendants respond that numerous unresolved issues remain in this litigation that preclude the entry of final judgment. Defendants assert that the affirmative defenses of some individual Defendants, including STET, PEWC, and Iridium China (Hong Kong) Ltd. ("Iridium China"), have not been addressed by the Court. Also, Defendants maintain that Chase's fraud claim, request for attorneys' fees, and the question of the amount of damages all prevent the entry of final judgment pursuant to Rule 54(b).

### B. Applicable Legal Standards

■ Under 28 U.S.C. § 1291, a judgment is final and appealable if the judgment "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)(quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). However, in certain circumstances, Rule 54(b) permits the entry of partial final judgment "[w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved." Fed.R.Civ.P. 54(b). In such instances, the court, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" may grant the entry of final judgment "as to one or more but fewer than all of the claims or parties." *Id.* However, where substantial issues regarding the requested relief remain unadjudicated, a Rule 54(b) judgment should not be entered. *Coca–Cola Bottling Co. of*

*Elizabethtown, Inc. v. Coca–Cola Co.*, 654 F.Supp. 1419, 1446 (D.Del.1987)(citing *Rudd Const. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir.1983)).

### C. Decision

■ The Court concludes that the entry of final judgment pursuant to Rule 54(b) is not appropriate at this time. Among the relief requested by Chase is an award of attorneys' fees pursuant to Section 11.03 of the Iridium LLC Agreement. Section 11.03 of the Iridium LLC Agreement granted Iridium LLC the right to recover damages resulting from any Members' default on its RCC obligations. (D.I.927, Ex. A.) Chase maintains that it is entitled to the recovery of attorneys' fees pursuant to Section 11.03 of the Iridium LLC Agreement because the Defendants conveyed this right to Chase pursuant to the Pledge and Security Agreement. (D.I. 927 at 10.)

In *Beckwith Machinery Co. v. Travelers Indemnity Co.*, 815 F.2d 286 (3d Cir.1987), the Third Circuit held that the entry of Rule 54(b) final judgment is inappropriate when an award of attorneys' fees is based on a contractually stipulated element of damages and not separately authorized by statute. *Id.* at 290. The Third Circuit reasoned that because the requested fees are "part and parcel of the relief sought and of the damages incurred[,]" it would be inappropriate to grant Rule 54(b) relief because doing so would encourage piecemeal appeals and a waste of judicial resources. *Id.* However, in *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130 (3d Cir. 2001), the Third Circuit distinguished its precedent following *Beckwith* and held that, in certain circumstances, a contractual right to attorney fee recovery is no different than a statutory grant of attorneys' fees, and therefore, should not delay the entry of Rule 54(b) judgment. In *Gleason*, the contract at issue granted fees

"to the prevailing party in whose favor judgment is entered[,]" and the Third Circuit concluded that, "[f]or all practical purposes, we see no difference under these circumstances, for § 1291 finality purposes, between payment of attorneys' fees to a prevailing party under statute and payment of attorneys' fees under the contract to a 'prevailing party.'" *Id.* at 138.

The Court concludes that the instant case does not fall within the exception to *Beckwith,* announced in *Gleason,* and therefore, will deny Chase the entry of Rule 54(b) final judgment. Chase's request for attorneys' fees pursuant to the Pledge and Security Agreement precludes the entry of partial final judgment because the Court has not entered judgment in Chase's favor pursuant to this agreement. The Court granted Chase summary judgment based on the binding effect of Iridium LLC's Assistant Secretary's certificate, not pursuant to the Pledge and Security Agreement. (D.I.895, 896.) Moreover, although Chase asserts that Defendants do not dispute that the Pledge and Security Agreement is valid and enforceable,[1] in their opposition brief, Defendants stated that they "vigorously contest" Chase's ability to invoke the rights of Iridium LLC to recover attorneys' fees pursuant to Section 11.03 of the Iridium LLC Agreement. (D.I. 923 at 6.)[2] On this record, the Court concludes that Chase's Motion for Final Judgment must be denied because Chase's request for attorneys' fees involves a substantive issue that is not collateral to the relief requested.

## II. Motion for Interlocutory Appeal (D.I.900)

### A. Parties' Contentions

Defendants contend that an interlocutory appeal is appropriate in this case because the Court's February 13 Opinion and the March 2 Opinion decided controlling questions of law, provide substantial grounds for difference of opinion, and because an immediate appeal would materially advance the termination of this litigation. Defendants also maintain that the February 13 Opinion and March 2 Opinion involved issues of first impression that make an interlocutory appeal particularly appropriate in this case.

Chase responds that interlocutory appeals are reserved for exceptional cases and that the instant matter is not an exceptional case. Chase asserts that Defendants have failed to demonstrate either: 1) that there are substantial grounds for difference of opinion, or 2) that an immediate appeal would materially advance this litigation. Chase contends that Defendants' disagreement with the Court's decisions in the February 13 Opinion and the March 2 Opinion does not establish substantial grounds for difference of opinion. Further, Chase asserts that an immediate appeal would not materially advance the termination of this litigation because the individual defenses Defendants contend remain unresolved may be disposed of without substantial future proceedings.

1. In its reply brief, Chase references the deposition testimony of Defendant Krunichev State Research and Production Center's counsel, stating that there does not appear to be a question about the validity of the Pledge and Security Agreement. (D.I. 927 at 10 n. 8.) However, Chase does not provide similar testimony or statements by the other Defendants who appear to contest Chase's right to recover attorneys' fees.

2. By Memorandum Opinions and Orders dated March 29, 2004, and May 5, 2004, the Court sustained Chase's objections to the Magistrate Judge's Report and Recommendation and reinstated its Pledge theory for recovery. (D.I.906, 907, 928.) However, the Court has not rendered a decision on the merits of this claim.

### B. Applicable Legal Standards

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal provided: 1) an application is made within ten (10) days of the entry of the order sought to be appealed; 2) the order involves a controlling question of law; 3) there is a substantial ground for difference of opinion regarding the order; and 4) an immediate appeal may materially advance the ultimate termination of the litigation.

### C. Decision

#### 1. Whether an Interlocutory Appeal is Appropriate

■ As an initial matter, the Court concludes that Defendants' application for an interlocutory appeal of the February 13 Opinion was not filed within the time limitation imposed by 28 U.S.C. § 1292(b), and therefore, must be denied. Defendants filed their Motion for Interlocutory Appeal of the February 13 Opinion on March 16, 2004, clearly beyond the ten (10) day application period provided by 28 U.S.C. § 1292(b).

With respect to the March 2 Opinion, Defendants timely filed their Motion for Interlocutory Appeal. Accordingly, the Court will determine whether the March 2 Opinion satisfies the requirements of 28 U.S.C. § 1292(b).

■ The Court first concludes that Defendants have demonstrated that substantial grounds for difference of opinion exist about the binding effect of the Assistant Secretary's certificate. The Court is persuaded that the apparent absence of Delaware case law on this precise issue—i.e. the fact that this case presented questions of first impression—and the fact that the Court did not adopt the Magistrate Judge's Report and Recommendation on the effect of the Assistant Secretary's certificate demonstrate that substantial grounds for difference of opinion are present. *See Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D.Del.1987) (citations omitted).

■ Also, the Court concludes that an immediate appeal would materially advance the ultimate termination of this litigation. As noted by the parties, Chase's alternative theories for recovery, specifically its fraud, "pledge," and corporate ratification theories, will not require extensive pretrial preparation or a protracted trial assuming Chase remains the prevailing party on appeal.[3] Moreover, the Court agrees with Defendants that an immediate appeal of the Court's March 2 Opinion will serve to narrow the issues in the two related cases, *The Chase Manhattan Bank v. Iridium Italia, et al.*, C.A. No. 02–1368 JJF, and *The Chase Manhattan Bank v. BCE Mobile Communications, et al.*, C.A. No. 02–1369 JJF.

Further, the Court believes that this is an exceptional case justifying the certification of an appeal. In the Court's view, an

---

**3.** The Court disagrees with Chase's assertion that the possibility that evidence related to whether the Defendants unanimously consented to the amendments to the Iridium LLC Agreement will be raised both in the interlocutory appeal and, if the Third Circuit disagrees with the Court's decision, in a subsequent appeal, militates against granting Defendants' Motion. The question the Court will certify for appeal does not raise substantial factual issues or evidence that would be duplicated if the Third Circuit were to disagree with the March 2 Opinion and later be presented with an appeal regarding Chase's alternative theories for relief. The Court's conclusion in the March 2 Opinion that the Assistant Secretary's certificate was binding on the Defendants was largely a question of contract interpretation and an application of corporate law principles that did not require the presentation of substantial evidence by the parties.

immediate appeal has the potential to greatly conserve the resources of the judiciary and the parties, particularly in light of the numerous proceedings that have taken place (both before this Court and the Magistrate Judge), the closely related cases also pending before the Court, and the effort already expended by all involved, thereby making certification appropriate. *See Mattioni, Mattioni & Mattioni, Ltd. v. Ecological Shipping Corp.,* 530 F.Supp. 910, 918 (E.D.Pa.1981).

In sum, the Court concludes that an interlocutory appeal in this case satisfies the requirements of 28 U.S.C. § 1292(b), and therefore, will certify the question of: "Does the Assistant Secretary's certificate conclusively establish that the Iridium LLC Agreement was validly amended by the parties?"

### 2. *Whether the Court Should Stay the Remaining Proceedings*

Pursuant to 28 U.S.C. § 1292(b), a district court may stay further proceedings pending the appeal of issues certified by the district court. The Court concludes that a stay is appropriate in this case because the issues awaiting resolution are dependent upon the outcome of the certified appeal.

### 3. *Whether the Court Should Require Defendants to Post a Bond*

Chase requests the Court to require Defendants, if the Court certifies an interlocutory appeal in this case, to post a bond as a condition of the interlocutory appeal. In support of its request, Chase cites *Redding & Co., Inc. v. Russwine Construction Corp.,* 463 F.2d 929 (D.C.Cir.1972), and *Capital Bancshares, Inc. v. North American Guaranty Insurance Co.,* 433 F.2d 279 (5th Cir.1970), two cases in which district courts required the appellant to post a bond pending an interlocutory appeal.

*Redding,* 463 F.2d at 931; *Capital Bancshares,* 433 F.2d at 282.

The Court is not persuaded by Chase's citations that ordering a bond is appropriate in the instant case. In *Capital Bancshares,* the Fifth Circuit commented that the district court's requirement that the interlocutory appellant post a bond "was not really a condition of appeal but rather a device for avoiding the mootness that would essentially follow the release of the funds." 433 F.2d at 282 n. 14. Chase has asserted no analogous grounds for mootness as the result of the certified appeal in this case, and accordingly, the Court finds *Capital Bancshares* to be inapposite to the facts in this case. Similarly, the Court views the D.C. Circuit's decision in *Redding* to not be helpful in determining whether Defendants should be required to post a bond in the instant case. The D.C. Circuit's opinion in *Redding* provides little guidance or explanation as to why the district court ordered the interlocutory appellant to post a bond. *See* 463 F.2d at 930–31.

In sum, the Court concludes that Chase has not demonstrated that the Defendants should be required to post a bond pending a certified appeal in this case. Accordingly, the Court will deny the request.

### CONCLUSION

For the reasons discussed, the Court will deny Chase's Motion for Partial Final Judgment and grant in part Defendants' Motion for an Interlocutory Appeal.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 9th day of July, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Motion For Final Judgment filed by The Chase Manhattan Bank, now known as JPMorgan Chase Bank ("Chase") (D.I.910) is *DENIED*;

2) The Motion For Certification For Interlocutory Appeal filed by Defendants under 28 U.S.C. § 1292(b) (D.I. 900) is *GRANTED* with respect to the Memorandum Opinion and Order dated March 2, 2004 (D.I.895, 896);

   a) The following controlling question of law is hereby *CERTIFIED* to the United States Court of Appeals for the Third Circuit:

   1) Whether the Assistant Secretary's certificate conclusively establishes that the Iridium LLC Agreement was validly amended and is binding on the Members of Iridium LLC;

   b) The March 2, 2004, Order (D.I.896) is hereby amended to include the following language:

   "The Court is of the opinion that this Order and the corresponding Memorandum Opinion involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation";

   c) The above captioned matter and all related cases before the Court are hereby *STAYED* until further Order of this Court.